TAYLOR (PENNY v.). See Case No. 10,957.

## Case No. 13,800.

### TAYLOR v. RASCH et al.

[1 Flip. 385; [1] 11 N. B. R. 91; 1 Cent. Law J. 555; 31 Leg. Int. 365.]

Circuit Court, E. D. Michigan. Oct. 19, 1874.

PARTNERSHIP—CONTRACT BEYOND SCOPE OF BUSINESS — LIMITED PARTNERSHIP — HOW AND WHEN PARTNERS ARE PROTECTED.

1. Every one trading with a limited partnership is chargeable with notice as to the scope and range of the business of the partnership, and as set forth in the articles, when the same have been filed and made known according to law.

2. The capital of special partners in a limited partnership against liability upon contracts made by general partners, is protected by the same general principle that obtains in favor of general partners against liability on contracts made by individual partners; and no departure by general partners, no matter how common or long continued, if not consented to or known and acquiesced in by the special partners, will have the effect of enlarging or changing the scope of the business as specified in the copartnership articles.

[This was a bill in equity by Elisha Taylor, assignee, against August Rasch and William Bernart.]

[When this case was before the court on a

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

former occasion on demurrer to the bill, it was held that a proper case for relief was made out by the bill. The demurrer was overruled, and the defendants were granted leave to answer. [Case No. 13,801.] Thereupon the defendants answered, and proofs have been taken. The issues of law arising in the case as made by the bill, were disposed of by the decision of the court upon the demurrer. All that remains to be done, therefore, is to dispose of the issues made by the answer. They are as follows: (1) That the arrangement or agreement under which the furniture in question was purchased by defendants was not as set up in the bill, but was made with "the firm of Tillman, Sillsbee & Co. by and through said William Tillman," and was of the tenor and effect, "that if the said defendants or either of them would purchase furniture of the said firm of Tillman, Sillsbee & Co., that then the said firm of Tillman, Sillsbee & Co., or any of the members thereof, should purchase clothing of these defendants in payment of the same." (2) That the arrangement and agreement was within the scope and ordinary course of business of the firm.] [2]

Ashley Pond, for complainant.
O. Kirchner and G. V. N. Lothrop, for defendants.

LONGYEAR, District Judge. The firm of Tillman, Sillsbee & Co. was a limited partnership, and was composed of William Tillman and Charles E. Sillsbee as general partners, and John S. Newberry as special partner. Whatever the proofs show as to the general partners being parties to the arrangement for exchange of patronage between them and the defendants, or as to what the particular character of that transaction was, one thing is certain, and that is, there is no proof or pretense that the special partner was in any way privy to the arrangement, or knew of it, or in any way assented to it. It is contended, however, that by the statutes of Michigan the general partners had authority to bind the firm. The statute referred to is as follows: "Section 3. The general partners only shall be authorized to transact business, to sign for the partnership, and to bind the same." 1 Comp. Laws 1871, p. 520, § 1569. The effect of the statute is simply to exclude the special partner from active participation in the business of the firm; and as to the general partners, it confers no authority upon them to transact business, sign for the partnership, and to bind the same in any manner, or to any extent whatever, beyond the purposes and scope of the partnership. Therefore, conceding that the arrangement in question was made with the general partners, as claimed in the answer, if it was not within the scope and purposes of the partnership, it was wholly unauthorized, and therefore void.

[2] [From 11 N. B. R. 91.]

This brings us to the second and only remaining issue made by the answer.

The scope and purposes of the partnership are specified in the articles, as follows: (2) "That the general nature of the business to be transacted by said partnership, is the purchase, sale, and manufacture of all kinds and descriptions of furniture, chairs, upholstering, furnishing and upholstered goods, lumber, and all kinds of articles, merchandise, tools and machinery, used in such manufactures."

Surely it does not require argument to show that a contract for the purchase of clothing for the individual general partners, or otherwise, does not come within "the general nature of the business to be transacted by said partnership," as specified in the articles.

But it was contended that such had been the usual course of business of the firm, and proofs were adduced tending to show that such was the fact; and it was argued that, therefore, the defendants had a right to assume that the transaction was within the scope of the partnership. The articles of copartnership were duly filed and published as required by the statute, and all persons dealing with the firm were bound to take notice of, and were chargeable with knowledge of their contents. No departure by the general partners, no matter how common or long continued, if not consented to or known and acquiesced in by the special partner, could have the effect to change or enlarge the scope of the business as specified in the articles. To hold the contrary would be to disregard plain provisions of law for the protection of special partners and the public, and would make a limited partnership one of extreme hazard to the special partner.

In the opinion of this court, overruling the demurrer to the bill, it was shown that a general partnership could not be made liable upon a contract by an individual partner out of the scope of the partnership business. The same principle of law that protects general partners from liability in such cases, protects the capital of special partners in a limited partnership. Troub. Lim. Partn. § 377.

It results that the complainant is entitled to a decree against the defendants for the balance of the account of Tillman, Sillsbee & Co. against them over and above the fifty dollars actually paid to the firm by one of its employees on account of defendants, together with interest on such balance from and after the date of the last item in the account, viz.: June 8, 1870, and for costs.

The balance of the account as alleged in the bill, and admitted by the answer, was ...................... $473 25
Interest from June 8, 1870, to date, October 19, 1874, four years, four months, eleven days .............. 144 47

Total ........................ $617 72

Decreed accordingly.